UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ECKEL,

        Plaintiff,

                                    Case No. 14-cv-11590
                                    HON. GERSHWIN A. DRAIN

v.

L.J. ROSS ASSOCIATES, INC.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#15] AND CANCELLING THE MAY 11, 2015 HEARING

### I.      INTRODUCTION

Presently before the Court is Defendant L.J. Ross Associates, Inc.'s Motion for Summary Judgment, filed on February 26, 2015. Plaintiff has failed to file a Response. The proof of service for Defendant's Motion for Summary Judgment indicates that it was served on February 26, 2015. Local Rule 7.1(c)(1) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(c)(1). Responses to dispositive motions "must be filed within 21 days after service of the motion." E.D. Mich. L.R. 7.1(e)(1)(B). Accordingly, the response to Defendant's present motion was due no

later than March 23, 2015.  *Id*.; *see also* Fed. R. Civ. P. 6(a) and 6(d).  Since no Response has been filed, the present motion is unopposed.  Upon review of the present unopposed motion, the Court concludes that oral argument is unnecessary. Accordingly, the Court will resolve the present motion on the submitted brief.  *See* E.D. Mich. L.R. 7.1(f)(2).

## II.    FACTUAL BACKGROUND

Defendant is a debt collection agency.  Defendant has written policies and procedures in place that govern how its employees are to conduct themselves in the course of attempting to collect debts placed with Defendant for collection.  *See* Def.'s Mot., Ex. A at ¶ 23.  Defendant's policies and procedures cover communications with consumers who are represented by an attorney.  *Id.* at ¶ 28.  Specifically, Defendant does not attempt to communicate with consumers that it knows to be represented by an attorney, by phone or in writing, unless the attorney consents to communication with the consumer. *Id.* at ¶ 29.  If Defendant receives notification that a consumer is represented by an attorney, Defendant immediately updates its records to reflect such attorney representation. *Id*. at ¶ 30.  Defendant also places the account at issue in an attorney disposition status-"3ATTY"-within its collection system to prevent all further communications.  *Id*. at ¶ 31.

On November 18, 2013, the University of Michigan Health System referred

four (4) past due medical accounts owed by Plaintiff to Defendant for collection. *See* Def.'s Mot., Ex. A. Defendant attempted to contact Plaintiff by phone that same day but did not reach him. On November 19, 2013, at approximately 11:41 a.m., Defendant received an inbound call from the phone number (419) 766-0050. *Id.* at ¶ 10. Consistent with Defendant's internal procedures, Defendant's employee attempted to verify the identity of the inbound caller before communicating with the caller regarding the past due medical bills. *Id.* at ¶ 11. The caller identified himself as "Jeffrey Eckel" but refused to provide Defendant's employee with other details to confirm his identity. *Id.* at ¶ 12. Because Defendant's employee could not confirm Plaintiff's identity, the employee ended the call. *Id.* at ¶ 15.

Also on November 19, 2013, Defendant mailed its initial collection notice to Plaintiff. *Id.* at ¶ 16. Less than two days later, on November 21, 2013, Defendant received a "Power of Attorney" letter from Credit Advocates Firm, a debt resolution company. *Id.* at ¶ 17. Defendant's employee noted receipt of the letter in Plaintiff's account record. *Id.* at ¶ 18.

Thereafter, on November 26, 2013, Defendant contacted Plaintiff by telephone, at approximately 8:06 a.m. *Id.* at ¶ 19. The following conversation transpired between Plaintiff and Defendant's employee:

Plaintiff:   Hello.
Employee:   Hi. Can I speak with Jeffrey Eckel?

-3-

| Plaintiff: | Who am I speaking to? |
|---|---|
| Employee: | My name is Taylor. |
| Plaintiff: | And where you from? |
| Employee: | LJ Ross. |
| Plaintiff: | Hey.  OK.  They sent you a letter of attorney for the FDC . . . let's see . . . its called the FDCPA [or] something like that and you should have gotten it last week. |
| Employee: | Ok. |
| Plaintiff: | And they told me if you guys contact me I am supposed to notify them and notify the attorney now.  You are not supposed to contact me. |
| Employee: | Ok. |

*Id.* at ¶ 20.

Upon the termination of the call, Defendant's employee immediately placed the account in an attorney disposition status, or "3ATTY," to prevent any further communications.  *Id.* at ¶ 21.  Defendant did not contact Plaintiff by phone or in writing at any time after November 26, 2013.  *Id.* at ¶ 22.

## III.   LAW & ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part

-4-

of the fair and efficient administration of justice.  The procedure is not a disfavored

procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox*

*v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is

"'whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law.'"

*Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir.

2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The

evidence and all reasonable inferences must be construed in the light most favorable

to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).   "[T]he mere

existence of *some* alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v.*

*Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that

there is no genuine issue of material fact and that it is entitled to judgment as a matter

of law, the opposing party must come forward with "specific facts showing that there

is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270

(1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Mere allegations or denials in the non-movant's pleadings will not meet this burden,

nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477

U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably

find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B.    Defendant's Motion for Summary Judgment

Plaintiff first alleges that Defendant violated section 1692c of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Section 1692c states

in relevant part that:

> (a) Communication with the consumer generally.  Without the prior
> consent of the consumer given directly to the debt collector or the
> express permission of a court of competent jurisdiction, a debt collector
> may not communicate with a consumer in connection with the collection
> of any debt--
>        (1) at any unusual time or place or a time or place known or which
> should be known to be inconvenient to the consumer.  In the absence of
> knowledge of circumstances to the contrary, a debt collector shall
> assume that the convenient time for communicating with a consumer is
> after 8 o'clock antimeridian and before 9 o'clock postmeridian, local
> time at the consumer's location;
>        (2) if the debt collector knows the consumer is represented by an
> attorney with respect to such debt and has knowledge of, or can readily
> ascertain, such attorney's name and address, unless the attorney fails to
> respond within a reasonable period of time to a communication from the
> debt collector or unless the attorney consents to direct communication
> with the consumer; or
>        (3) at the consumer's place of employment if the debt collector

knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c.

Here, there is no genuine issue of material fact that Defendant did not contact Plaintiff at times known to be unusual or inconvenient to Plaintiff. The evidence reveals that Defendant called Plaintiff two times. Each call was made between 8:00 a.m. and 9:00 p.m.- times that the FDCPA expressly states that a debt collector should assume are convenient unless the debt collector is aware of contrary information. As such, there is no genuine issue of material fact that exists as to whether Defendant violated §1692c(a)(1) of the FDCPA.

As to Plaintiff's claim under §1692c(a)(2), Defendant is also entitled to judgment in its favor. The gravamen of Plaintiff's claim is that Defendant called him on November 26, 2013, notwithstanding the fact that Defendant had received correspondence from Credit Advocates Law Firm several days earlier. The correspondence was sent by Jennifer Street–a Legal Assistant/Negotiator-and contained a Power of Attorney form dated April 4, 2013. The Power of Attorney form authorized Credit Advocates Law Firm to act as Plaintiff's "limited financial advisor" and to "fully represent me/us in litigation or negotiating the modification, reduction, settlement, and payment on any and all debts allegedly due and owing in my/our name." The term "attorney" under §1692c(a)(2) does not include a person who has

a power of attorney for the consumer. *See, e.g.*, Edwards, FTC Informal Staff Letter (Feb. 7, 1991); Hollcraft, FTC Informal Staff Letter (May 10, 1998).

In any event, it is Plaintiff's burden to demonstrate that an attorney represented him with respect to the debts at issue and that Defendant had "actual knowledge" of the representation. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *8-9 (E.D. Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Associates, Inc.*, 126 B.R. 422, 426 (D. Del. 1991). The fax cover sheet is ambiguous. While it purports to be sent on behalf of a law firm, it lists the name of a non-attorney acting as a debt negotiator. Moreover, while the fax cover sheet references "representation," the document does not indicate the scope of the representation. *McKeown*, 2007 WL 4326825, at *10. Lastly, the Power of Attorney appears to be generally directed to debt negotiation, as well as serves as an authorization form for the release of financial information.

Plaintiff's testimony underscores the ambiguous nature of his relationship with Credit Advocates. Plaintiff testified that he contacted Credit Advocates to help him consolidate and resolve his debts. *See* Def.'s Mot. for Summ. J., Ex. B. Plaintiff was told that Credit Advocates would negotiate with his creditors and combine all of his bills into a single monthly payment that Credit Advocates would automatically withdraw from his bank account. *Id.* Plaintiff explained, "that's what I wanted and

-8-

that's what they gave me." *Id*. Significantly, Plaintiff could not recall the name of a single attorney that he dealt with nor had he ever met his current counsel prior to his deposition and he never signed a retainer agreement. *Id*.

Plaintiff's §1692c(a)(2) claim relies entirely on the ambiguous fax cover sheet and Power of Attorney form. Viewed in the light most favorable to Plaintiff, this evidence does not establish a triable issue for a jury that Defendant had actual knowledge that Plaintiff was represented by an attorney, rather than a non-attorney debt negotiator when the call was placed on November 26, 2013.

Even if the fax cover sheet and Power of Attorney form could provide sufficient evidence to demonstrate a genuine issue of material fact exists concerning Defendant's knowledge concerning attorney representation at the time the November 26, 2013 call was made, Plaintiff has offered no evidence to establish a question of fact exists as to the availability of the bona fide error defense. The bona fide error defense is a statutorily recognized exception to the strict liability imposed upon debt collectors under the FDCPA. The defense provides in relevant part:

> A debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c); *see also Lewis v. ACB Business Servs., Inc*., 135 F.3d 389, 401-02 (6th Cir. 1998); *Owen v. I.C. System, Inc*., 629 F.3d 1263, 1276-77 (11th Cir.

2011); *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002).   To establish the bona fide error defense, "[t]he debt collector must only show that the violation was unintentional, not that the communication itself was unintentional." *Lewis*, 135 F.3d at 402.

Defendant has specific policies and procedures in place regarding communicating with consumers who are represented by an attorney.  Defendant does not attempt to communicate with consumers that it knows to be represented by an attorney, by phone or in writing, unless the attorney consents to communication with the consumer.  If Defendant receives notification that a consumer is represented by an attorney, Defendant updates its records to reflect such attorney representation. Defendant then places the account at issue in an attorney disposition status-"3ATTY"-within its collection system to prevent further communications.

Here, although Defendant's employee accurately noted receipt of the fax cover sheet and Power of Attorney form, the employee failed to enter the "3ATTY" code on the account record.  Had the employee entered the "3ATTY" code as set forth in Defendant's policy, Defendant would not have contacted Plaintiff on November 26, 2013.  This is the type of omission contemplated by the bona fide error defense, particularly in light of the ambiguous nature of the documents received by Defendant on November 21, 2013.  Defendant is entitled to summary judgment on Plaintiff's

§1692c(a)(2) claim.

Plaintiff further alleges that Defendant violated §1692d. That section provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d. "The determination of whether a debt collection agency's calls amount to actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." *Saltzman v. I.C. System, Inc*., No. 09-10096, 2009 WL 3190359, *7 (E.D. Mich. Sept. 30, 2009). It is Plaintiff's burden to establish that Defendant's actions violated §1692d. *Id.*

Plaintiff cannot meet his burden. Short of bare and unsubstantiated assertions, Plaintiff offers no evidence in support of his assertions. The record is devoid of any evidence that Defendant called Plaintiff repeatedly or continuously or otherwise acted in a manner that would be actionable as harassment, oppression or abuse. Plaintiff fails to establish that Defendant intended to annoy, harass or abuse him at any time. This is fatal to Plaintiff's §1692d claim.

Finally, Plaintiff claims that Defendant violated §1692e, which prohibits the use of false, deceptive or misleading representations or means in connection with the collection of a debt. *See* 15 U.S.C. §1692e. Plaintiff fails to articulate specifically how Defendant violated this section of the FDCPA. Nor has Plaintiff come forward

with any evidence upon which a trier of fact could conclude that this section was violated. As such, Defendant is likewise entitled to summary judgment on this claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [#15] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: April 13, 2015                    /s/Gershwin A Drain_____
                                         GERSHWIN A. DRAIN
                                         UNITED STATES DISTRICT COURT

-12-